Filed 6/21/22  P. v. Valadez CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059333 |
| v. | (Super. Ct. No. C-78146) |
| LOUIS PALAMINO VALADEZ, | O P I N I O N |
| Defendant and Appellant, | |

Appeal from a postjudgment order of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Diane T. Letarte and Arthur B. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

This case returns to us after the Supreme Court granted defendant Louis Palamino Valadez's petition for review and remanded the case to this court with directions to vacate our decision and reconsider the case in light of the amendments to Penal Code[1] section 1170.95 enacted by Senate Bill No. 775 (2021-2022 Reg. Sess.). In our prior opinion, we concluded the trial court did not err by denying Valadez's section 1170.95 resentencing petition without first issuing an order to show cause and hearing testimony. Defendant was convicted of conspiracy to commit murder, which required the jury to find defendant acted with the specific intent to kill; the jury also found true a multiple-murder special circumstance, which required the jury to find that defendant possessed a specific intent to kill.

Following the Supreme Court's instructions, we vacated our prior decision. After reevaluating the case, we again conclude the trial court did not err based on the jury's guilty verdict on the conspiracy to commit murder charge, and its finding that the multiple-murder special circumstance allegation was true. The amendments to section 1170.95 enacted by Senate Bill No. 775 do not alter this conclusion. Valadez is therefore ineligible for relief under section 1170.95 as a matter of law.

## FACTS

Valadez was convicted by a jury in 1990 of conspiracy to commit murder, two counts of first degree murder with a multiple-murder special circumstance, and 11 counts of attempted murder. He was sentenced to life in prison without the possibility

---

[1] All further statutory references are to the Penal Code.

2

of parole. We previously affirmed those convictions in *People v. Figueroa* (Jun. 30, 1992, G010268, G010371 [nonpub. opn.]).[2] Factual details concerning the crimes may be found in that opinion.

In July 2019, Valadez filed a petition for resentencing pursuant to section 1170.95. After receiving briefing from the prosecution and Valadez's counsel, the trial court denied the petition, finding Valadez had failed to make a prima facie case for relief. In denying the petition, the court concluded Valadez was not eligible for resentencing because the record of conviction demonstrated he was not convicted of felony murder or murder under a natural and probable consequence theory. The court relied on the jury's guilty verdict on the conspiracy to commit murder charge, the jury's true finding on the multiple-murder special circumstance allegation, and the corresponding jury instructions, which required a finding of intent to kill.

Valadez timely appealed.

In *People v. Valadez* (Jun. 16, 2021, G059333 [nonpub. opn.]), we affirmed the trial court's conclusion. However, Valadez's petition for review was granted by the Supreme Court, which subsequently remanded the case to us with instructions to vacate our prior decision and reconsider the matter in light of Senate Bill No. 775, which amended section 1170.95.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1,

---

[2] Valadez attached our opinion to his resentencing petition and drew his description of the facts "essentially verbatim" from our opinion.

subd. (f).)  It accomplished that purpose by amending sections 188 and 189 and adding section 1170.95.

Under section 188, subdivision (a)(3), as amended, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  And under section 189, as amended, to be liable for murder based on felony murder or a natural and probable consequences theory, a person must be one of the following:  (1) the actual killer; (2) although not the actual killer, a person who intended to kill and assisted the actual killer in the commission of first degree murder; or (3) a major participant in the underlying felony who acted with reckless indifference to human life.  (§ 189, subd. (e)(1)-(3).)

Persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing pursuant to section 1170.95.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)  The process begins with the person filing "a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ."  (§ 1170.95, subd. (a).)  The trial court then examines whether the petition contains the information required by the statute.  (§ 1170.95, subd. (b).)  If one or more of the required elements is missing from the petition, the trial court may deny it without prejudice.  (§ 1170.95, subd. (b)(2).)  If the petition does contain the required information and requests that counsel be appointed, the trial court must appoint counsel at this stage. (§ 1170.95, subd. (b)(3).)

Next, the prosecution must file and serve a response to the petition. (§ 1170.95, subd. (c).)  The defendant may file and serve a reply.  (*Ibid.*)  After briefing is complete, the trial court holds a hearing to determine whether the defendant has set forth a prima facie case for relief.  (*Ibid.*)  If the trial court is convinced the defendant has established a prima facie case, the court must issue an order to show cause, and thereafter hold a full hearing on the issue of entitlement.  (§ 1170.95, subds. (c) & (d)(1).)

4

In our original decision in this matter, we concluded the focus of our analysis lay in the instructions given to the jury and the jury's conviction of defendant for conspiracy to commit murder and its true finding on the multiple-murder special circumstance. Senate Bill No. 775 does not change our conclusion.

Conspiracy to commit murder requires a specific intent to kill. (*People v. Swain* (1996) 12 Cal.4th 593, 607.) Consistent with this requirement, the jury instructions that were given included CALJIC No. 3.31, which includes the following relevant language: "The crime of conspiracy requires the specific intent to commit the crime of murder"; and CALJIC No. 6.10: "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder and with the further specific intent to commit such offense, followed by an overt act committed in this state by one [or more] of the parties for the purpose of accomplishing the object of the agreement."

The multiple-murder special circumstance also requires an intent to kill. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 928.) The jury was instructed using CALJIC No. 8.80: "If you find beyond a reasonable doubt that the defendant was a co-conspirator or an aider or abetter, but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the special circumstance to be true."

The jury convicted defendant of conspiracy to commit murder and found the multiple-murder special circumstance to be true as to Valadez. Thus, we conclude the jury was convinced beyond a reasonable doubt Valadez possessed the specific intent to kill. This makes him ineligible for resentencing as a matter of law.

In supplemental briefing on remand from the Supreme Court, Valadez contends he may have harbored the intent to kill at the time he joined the conspiracy to commit murder (thus making him guilty of that conspiracy), but *not* at the time at which

the actual murder was committed.  In other words, Valadez contends the law now requires a finding of intent to kill *at the time of the murder* for a murder conviction.[3]  We disagree.

Penal Code section 189, subdivision (e)(2), as amended by Senate Bill No. 1437, allows a murder conviction in a felony murder situation when "[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree."  The statute on its face requires an intent to kill at the time the defendant aids, abets, counsels, commands, induces, solicits, requests, or assists the actual killer, not at the time of the killing itself.

Here, the jury convicted Valadez of conspiracy to commit murder.  As discussed above, to convict Valadez of that offense, the jury was required to find he intended to commit murder and agreed with one or more other persons to commit the murder, followed by an overt act by one or more of the conspirators for the purpose of accomplishing the murder.  At the time Valadez entered the conspiracy, the jury found he intended to kill.  At the same time, by entering the conspiracy, he "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer."  (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) § 1.)  Thus, the jury found Valadez possessed the requisite intent—intent to kill—at the requisite time—at the time he aided or abetted the actual killer.  He is therefore ineligible for resentencing as a matter of law.

---

[3]      We note this argument does not appear to be premised upon a change in the law arising from Senate Bill No. 775, but we nevertheless consider it on the merits. Valadez suggests no other basis upon which Senate Bill No. 775 would affect the result.

## DISPOSITION

The postjudgment order is affirmed.


                                    GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.